## JOHN W. THISSELL vs. SIMON B. PAGE.

In an action by the purchaser of a chattel against an officer for attaching it as the property of the vendor, the defendant cannot, under an answer simply denying the plaintiff's property, prove that the sale was fraudulent and void against creditors.

ACTION OF TORT for the conversion of a wagon. The answer simply denied the plaintiff's property and the defendant's conversion.

At the trial in the court of common pleas, the plaintiff introduced evidence that he bought the wagon for good consideration from his brother, Franklin T. Thissell, and took a bill of sale of it; but showed no delivery; the wagon at the time of the sale and afterwards, until the alleged conversion, being at the stable of another person.

The defendant offered to prove that this sale was fraudulent and void, and that he, as a deputy sheriff, attached the wagon on mesne process in favor of Samuel Poole against Franklin T. Thissell.

*Perkins*, J. instructed the jury that if the sale was made before the attachment, upon good consideration, and binding between the parties, the defendant could not, under his answer, rely upon its being void as against creditors. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. F. L. Norris*, for the defendant.

*W. P. Webster*, for the plaintiff.

BY THE COURT. The sale of the chattel was good without actual delivery, as between vendor and vendee, and vested a good title in the plaintiff. *Parsons* v. *Dickinson*, 11 Pick. 352. If it was void as against creditors, this was special matter of defence, not arising upon any allegation in the declaration, and should therefore, under the practice act, have been set forth in the answer. *St.* 1852, *c.* 312, § 18. The defendant, not having stated in his answer that he was an officer and had made an attachment, had no right to set up that the sale was fraudulent as against creditors. *Exceptions overruled.*